669 S.E.2d 594

Earl BENNETT, Maurice Jerome Simmons, Conrad N. Hallums, Kenneth S. Majors, Wallace Grant, James Cobbs, Paul Medlin, Joshua Charles Cook, Joshua Collins, Christopher Taybron, John Thomasson, Respondents,

v.

**STATE of South Carolina, Petitioner.**

No. 26565.

Supreme Court of South Carolina.

Submitted Oct. 14, 2008.

Decided Nov. 24, 2008.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General Robert D. Cook, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Petitioner.

Jason D. Kirincich, of Lugoff, for Respondent Earl Bennett; and Maurice Jerome Simmons, Conrad N. Hallums, Kenneth S. Majors, Wallace Grant, James Cobbs, Paul Medlin, Joshua Charles Cook, Joshua Collins, Christopher Taybron, and John Thomasson, pro se Respondents, all of Columbia.

PER CURIAM:

This matter is before the Court pursuant to the State's petition to hear it in our original jurisdiction and for expedited consideration. Because the State's petition presents an issue of public interest, we exercise our authority to review this matter in our original jurisdiction. S.C. Const. art. V, § 5; Rule 229, SCACR; *Key v. Currie*, 305 S.C. 115, 116, 406 S.E.2d 356, 357 (1991). We dispense with further briefing and answer the question presented.

Earl Bennett and other inmates filed separate habeas corpus petitions in the circuit court, alleging their continued incarceration for violations of the Community Supervision Program (CSP)[1] is unconstitutional. Pursuant to this Court's decision in *State v. McGrier*, 378 S.C. 320, 663 S.E.2d 15 (2008), the inmates claim they are entitled to immediate release from incarceration because they have fully served their original sentences. In response, the State has filed individual returns to the habeas petitions in the circuit court,

---

1. S.C.Code Ann. § 24–21–560 (2007) (providing that inmates who meet statutory prerequisites may be released to community supervision program operated by the Department of Probation, Parole, and Pardon Services).

arguing the holding in *McGrier* should not be given retroactive application.

In our view, *McGrier's* retroactivity is patently clear; however, we take this opportunity to remove any doubts. We now hold that our decision in *McGrier* is to be applied retroactively. *See Pinckney v. Warren*, 344 S.C. 382, 391, 544 S.E.2d 620, 625 (2001) (recognizing that retroactivity may be extended when justice requires and innocent persons will be adversely affected).

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.