THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Appellant,
 v.
 Jimmy Skelton, Respondent.
 
 
 

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court
 Judge
Memorandum Opinion No.  2010-MO-027
Heard October 19, 2010  Filed November 1,
 2010  
AFFIRMED

 
 
 
 John
 Benjamin Aplin, of Columbia, for Appellant.
 Appellate
 Defender M. Celia Robinson, and Appellate Defender LaNelle Cantey DuRant, of
 South Carolina Commission on Indigent Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The South
 Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) appeals
 the circuit court's order discharging Jimmy Skelton from any further Global
 Positioning System (GPS) monitoring related to his conviction for first-degree
 criminal sexual conduct (CSC) with a minor and subsequent violation of the
 Community Supervision Program (CSP).[1] 
 SCDPPPS claims the circuit court erred in finding that a retroactive
 application of State v. McGrier, 378 S.C. 320, 663 S.E.2d 15 (2008),[2] via Bennett v. State, 380 S.C. 215, 669 S.E.2d 594 (2008),[3] mandated the removal of the GPS monitoring. 
During
 the hearing before the circuit court, the SCDPPPS conceded that Skelton should
 not have been in the CSP at the time of the alleged violations given this Court's
 decision in McGrier and the retroactive application established in Bennett. 
 Based on this concession, Skelton should have been released from any further
 supervision by the SCDPPPS and, thus, should not have been subjected to GPS
 monitoring.  Accordingly, we affirm the circuit court's order pursuant to Rule
 220(b)(1), SCACR, and the following authorities:  Bank of N.Y. v. Sumter
 County, 387 S.C. 147, 155 n.3, 691 S.E.2d 473, 477 n.3 (2010) (concluding
 that where there was no objection to the trial judge's analytical approach, the
 judge's finding regarding the issue became the law of the case; recognizing
 that an unchallenged ruling, right or wrong, is the law of the case); First Union Nat'l Bank of S.C. v. Soden, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998)
 (holding an "unchallenged ruling, right or wrong, is the law of the case
 and requires affirmance").  

AFFIRMED.
TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

[1]  See S.C. Code Ann. § 24-21-560 (2007)
 (outlining the CSP operated by the SCDPPPS, including the procedures regarding
 violations and successive revocations); S.C. Code Ann. § 23-3-540(B) (2007)
 ("An offender who violates a term of probation, parole, community
 supervision, or a community supervision program must be ordered by the court to
 be placed by the Department of Probation, Parole and Pardon Services under a
 system of active electronic monitoring.").  
[2]  McGrier, 378 S.C. at 332, 663 S.E.2d at 21
 (interpreting section 24-21-560(D), the successive revocation provision of the
 CSP statute, and finding that a circuit court may not impose a sentence for a
 CSP revocation that would result in an inmate being incarcerated for an
 aggregate period of time that extended beyond the unsuspended portion of the
 original, straight sentence).
[3]  Bennett, 380 S.C. at 217, 669 S.E.2d at 595
 (considering habeas corpus petitions of inmates alleging their continued
 incarceration for CSP violations, after fully serving their original sentences,
 was unconstitutional and concluding that McGrier is to be applied
 retroactively).